UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-48-RJC

| | |
|---|---|
| ROBERT J. PARSON, III,        )<br>                              )<br>        Plaintiff,             )<br>                              )<br>    v.                        )<br>                              )<br> DWAYNE TERRELL,              )<br> Superintendent, Marion       )<br> Corr. Inst.; L. HAYWORD,     )<br> Nurse, Marion Corr. Inst.;   )<br> FNU CARSWELL, Mental         )<br> Health, Marion Corr. Inst.,  )<br>                              )<br>        Defendants.           )<br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

**I.    BACKGROUND**

Plaintiff is an inmate convicted of being a habitual felon and is housed in the Marion Correctional Institution with a projected release date of June 3, 2016. According to his complaint, on April 13, 2011, Plaintiff and another inmate, Greg Lee, were playing basketball when Plaintiff accidentally scratched Lee's arm. Lee reported for medical attention and was examined by Defendant Haywood. Plaintiff alleges that Lee overheard Haywood on the phone speaking with Officer Limison. During the conversation, Plaintiff states that Lee heard Haywood tell Limison that Plaintiff was HIV positive. In reaction to this alleged revelation, Plaintiff contends that Lee "became irate with frustration." (Doc. No. 1 at 4). Plaintiff alleges that he was

1

then called in for medical observation by Sergeant Perry. Plaintiff apparently ran into Lee and Plaintiff informed Lee that he was not, in fact, HIV positive. Id. Plaintiff claims that Haywood's alleged statement that he had HIV was "totally unethical and brought a state created burden on" him. Plaintiff remarks, "even if I did have HIV; Nurse Haywood should have not [broken] confidentiality in a medical situation that warrants privacy." Id..

Plaintiff contends that his rights as protected by the Eighth and Fourteenth Amendments have been violated. Plaintiff states that he has endured considerable pain and suffering because of Haywood's disclosure, and he seeks $250,000 "for nominal, compensatory and punitive damages." Id. at 4-5.[1]

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a

---

[1] Plaintiff attached a grievance regarding Haywood's statement to his complaint. Based on the response to his grievance by prison officials, it appears that Plaintiff has exhausted his administrative remedies. See 42 U.S.C. § 1997e(a).

clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.    DISCUSSION

Accepting allegations in Plaintiff's complaint as true, it appears that he has, and continues to suffer emotional harm resulting from Haywood's false disclosure of his status as being HIV positive. Plaintiff denies being HIV. Nonetheless, he asserts that his fellow inmates talk about his alleged disease and avoid him. (Doc. No. 1 at 11-17). Other than emotional distress, Plaintiff alleges no other fall out from Haywood's remark other than the outbreak of a fight which Plaintiff asserts ensued after a fellow inmate apparently stated that Plaintiff was HIV positive. (Id. at 18).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id. § 1997e(e); see Etters v. Bennett, No. 5:09-CT-3187-D, 2011 WL 976472, at *6 (E.D.N.C. Mar. 16, 2011) (finding that although the Fourth Circuit has not considered this issue, other circuits have addressed the issue in published opinions and concluded that § 1997e(e) applies to Section 1983 claims by prisoners asserting constitutional violations, and thus the complaint requires allegations of physical injury) (citing Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) ("We join the majority, concluding Congress did not intend section 1997e(e) to limit recovery only to select group of federal actions brought by prisoners. Instead, we read

3

section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners."); Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001) (finding that the plain language of Section 1997e(e) prohibits a federal action absent a showing of physical injury). But see Canell v Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (finding that Section 1997e(e) does not apply to a claim alleging pure violation of First Amendment rights); Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999) (finding a "deprivation of First Amendment rights standing alone is a cognizable injury") (internal citation omitted).

Petitioner has alleged that his Eighth and Fourteenth Amendment rights were violated by Haywood's purported erroneous disclosure that he was HIV positive.[2] The Fourteenth Amendment applies to prison conditions of pretrial detainees, while the Eighth Amendment applies to those serving a term of imprisonment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ("A sentenced inmate . . . may be punished although that punishment may not be 'cruel and unusual' under the Eighth Amendment.") (internal citations omitted). Petitioner is not a pretrial detainee and has not, therefore, set forth a claim under the Fourteenth Amendment.

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal citations omitted). The only allegation of a physical nature is the outbreak of a fight after Plaintiff confronted another inmate who stated that he was HIV positive. The physical confrontation was initiated by Plaintiff. At best, Petitioner has stated a possible claim of defamation, which is a state law claim, and therefore not properly considered in a suit brought

---

[2] Petitioner never heard Haywood say anything about his alleged HIV status nor does Plaintiff allege that he confronted her with the issue. Rather, Plaintiff heard Inmate Lee say that he overheard Haywood disclose Plaintiff's HIV status.

4

under Section 1983. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a federal statute to support a Section 1983 claim). It is, not, however, a federal Section 1983 claim and it must be dismissed.

Plaintiff also appears to allege that Defendant Carswell, his mental health provider, provided inadequate care because she "doesn't understand me and isn't helping me." (Doc. No. 1 at 17). According to the referral forms attached to the complaint, Plaintiff was evaluated several times by Defendant Carswell and she was unable to make progress that was satisfactory to Plaintiff. A claim alleged under § 1983 based on a deliberate indifference to serious medical needs falls within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). As noted, in order to state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high

5

standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice"). Plaintiff has failed to demonstrate anything other than he was not progressing to his satisfaction while under the care of Defendant Carswell and this fails to support a claim of deliberate indifference.

     For the reasons set forth herein, the Court finds that Petitioner has failed to state a cognizable claim for relief because he has not alleged physical injury and he has failed to state a claim under the Eighth Amendment. The Court is not prepared to find that an alleged, lone comment, made in the presence of another inmate and not the Plaintiff, can engender such emotional distress as to give rise to a physical injury actionable under Section 1983.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Motion to Proceed *in forma pauperis*, (Doc. No. 2), is **DISMISSED** as moot.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

7